**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT COURT OF UTAH, CENTRAL DIVISION**

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

AUG 1 7 2007

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

AMADOR SANTONIO,

    Plaintiff,

v.

JAMES R. TAYLOR, et al.,

    Defendants.

No. CIV 06-1051 JC/RHS

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATION REGARDING MOTION TO AMEND

THIS MATTER comes before the Court on the Plaintiff's "Motion to Amend Complaint" ("Motion to Amend"), filed July18, 2007 **[Doc. No. 58]**.  In his motion, Plaintiff seeks "to address some inadvertent omissions, misspellings and to re-state averments in the language of the court." (Motion to Amend at 1).  A response has been filed in opposition to Plaintiff's Motion to Amend.  (See Response to Plaintiff's Motion to Amend, filed Aug. 9, 2007 **[Doc. No. 75]**). Having reviewed the parties' submittals, the relevant authorities, and being otherwise advised in the premises, the Court finds that Plaintiff's motion is not well-taken and will be denied.

Beyond the permissive period, a party may amend his complaint "only by leave of court or by written consent of the adverse party." FED. R. CIV. P. 15(a).  While leave "shall be freely given when justice so requires," Rule 15(a), the Court may properly deny leave if it "finds 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment,'" Spencer v. Wal-Mart Stores, Inc., 203 Fed.Appx. 193, 195 (10th Cir. Oct. 31, 2006) (quoting Foman v. Davis, 371 U.S. 178, 182

(1962)) (not selected for publication in the Federal Reporter). Here, the Court concludes that Plaintiff's motion for leave to amend should be denied primarily on the basis of undue delay, dilatory motive and undue prejudice to the opposing parties.

"Untimeliness alone may be a sufficient basis for denial of leave to amend." Las Vegas Ice and Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990). Here, Plaintiff seeks to amend his Complaint approximately seven months after filing the same. However, Plaintiff offers no adequate explanation for his delay in seeking leave to amend. Indeed, Plaintiff was apparently prompted to seek amendment based on "questions raised by the [defendants'] two motions to dismiss." (Motion to Amend at 1). Moreover, Plaintiff does not seek amendment based on information that was not reasonably available to him at the time he filed his Complaint. See Far West Bank, 893 F.2d at 1185 (concluding that a motion to amend is subject to denial "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint").

Plaintiff has been granted more than one extension of time to respond to several motions to dismiss filed by the defendants in this case. (See, e.g., **[Doc. Nos. 63, 70]**). Despite having obtained additional time, Plaintiff recently requested the Court to relieve him of his responsibility of responding to Defendants' motions to dismiss and to stay its decision on the motions pending Plaintiff "gaining adequate access to the federal court." ("Motion for Relief" at 1, filed Aug. 6, 2007 **[Doc. No. 71]**). Thus, it appears that Plaintiff is attempting to oppose Defendants' motions to dismiss, at least in part, through amending his Complaint. The Court finds that Plaintiff's conduct demonstrates both undue delay and dilatory motive. Finally, the Court finds that

2

allowing Plaintiff to amend his Complaint would result in undue prejudice to the opposing parties in this case.

## Recommendation

The Court recommends that Plaintiff's "Motion to Amend Complaint" **[Doc. No. 58]** be **denied**. Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

Robert H. Scott  8-14-07

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE