FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

SEP 2 5 2007

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF UTAH, CENTRAL DIVISION

AMADOR SANTONIO,

    Plaintiff,

v.                                                            No. CIV 06-1051 JC/RHS

JAMES R. TAYLOR, et al.,

    Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Plaintiff's "Motion re: In the Alternative" ("Motion"), filed on September 10, 2007 [**Doc. No. 85**]. Plaintiff requests that the Court either grant his previously filed motion to stay or dismiss this lawsuit[1] without prejudice "to allow Plaintiff to seek advise [sic] of counsel regarding Plaintiff's claims." (Motion at 1). Defendants The Honorable Dee Benson, The Honorable Ted Stewart, The Honorable Paul G. Cassell, and Jeffery Taylor ("Federal Defendants") filed a response to Plaintiff's Motion. (See "Response to Plaintiff's Motion by Federal Defendants" ("Response"), filed Sept. 18, 2007 [**Doc. No. 86**]). The Court, having considered the parties' submittals, the relevant authorities and being otherwise advised in the premises, recommends that Plaintiff's Motion be granted and this civil proceeding be dismissed without prejudice.

*Standard*

After the opposing side answers, "[a]n action shall not be dismissed at the plaintiff's

---

[1] In his Motion, Plaintiff asks that "federal suit 2:05cv1051" be dismissed. (Motion at 1). Because the lawsuit bearing this civil number does not involve Plaintiff, the Court assumes that Plaintiff intended to refer to the above-captioned cause 06cv1051.

instance save upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). When considering a motion to dismiss without prejudice, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (citation omitted). "Accordingly, courts generally allow dismissal without prejudice unless the defendant will suffer some plain legal prejudice." Wimber v. Department of Social and Rehabilitation Services, 156 F.R.D. 259, 261 (D.Kan. 1994) (citing Saviour v. Revco Discount Drug Centers, Inc., 126 F.R.D. 569, 570 (D.Kan. 1989)). Neither the mere prospect of a second lawsuit nor a tactical advantage to the plaintiff amount to legal prejudice. American National Bank and Trust Co. v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991). Factors that courts consider to evaluate legal prejudice include: defendants' effort and funds expended towards preparing for trial, plaintiff's undue delay or lack of diligence in prosecuting the action, the adequacy of plaintiff's explanation for needing to dismiss, plaintiff's diligence in moving to dismiss, the present stage of litigation, and duplicative expenses involved in a likely second suit. See Clark, 13 F.3d at 1411; Nunez v. IBP, Inc., 163 F.R.D. 356, 359 (D.Kan. 1995). These factors are not exclusive and are merely guides for the district court. See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996).

*Discussion*

Having considered the factors set forth above, the Court finds that they favor dismissal without prejudice. In their Response, the Federal Defendants state that they "have expended substantial effort to brief the Court on why Plaintiff's claims fail." (Response at 3 ¶ 7). However, while many of the defendants have filed motions to dismiss in this case, litigation is in

a relatively early stage. Plaintiff's Complaint was filed approximately nine (9) months ago, on December 18, 2006. The current district judge and magistrate judge were not assigned to this case until January 23, 2007 and March 29, 2007, respectively. The first waiver of service returned by a defendant was filed approximately five (5) months ago, on April 18, 2007. Moreover, no scheduling order has been entered, no trial date has been set and no discovery has taken place. See, e.g., Tyco Laboratories, Inc. v. Koppers Co., 627 F.2d 54 (7th Cir. 1980) (finding that defendant was not prejudiced by voluntary dismissal where some, but not extensive, discovery had taken place); Conafay v. Wyeth Laboratories, 841 F.2d 417 (D.C.Cir. 1988) (finding that the district court abused its discretion in denying a motion for voluntary dismissal where the case was not yet nine months old, extensive discovery had not taken place, dispositive motions were not filed and prejudice was lacking).

Consultation with competent counsel would undoubtedly assist Plaintiff in determining whether and how to proceed.[2] In the event that Plaintiff files a future complaint against one or more of the Defendants named in this case, those Defendants may assert any appropriate defenses. Indeed, any effort expended by Defendants in filing a motion to dismiss in this case should prove beneficial in the defense of any future proceeding. The Court does not find that Defendants will suffer plain legal prejudice by the dismissal of this proceeding without prejudice.

*Conclusion*

The Court recommends that Plaintiff's "Motion re: In the Alternative" **[Doc. No. 85]** be **granted** and that this civil proceeding be **dismissed without prejudice**. The Court further

---

[2] The Federal Defendants point out that the assistance of counsel would ensure that Plaintiff's future complaints, if any, would not contain frivolous claims. (See Response at 3 ¶ 7).

recommends that Plaintiff consult with competent counsel in determining whether and how to proceed in filing any future complaint.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert H. Scott 9-21-07*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE